**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: J.M., V.M., and D.M.

No. 15-1070 (Marion County 15-JA-39, 15-JA-40, & 15-JA-41)

## MEMORANDUM DECISION

Petitioner Father T.M., by counsel Heidi M. Georgi Sturm, appeals the Circuit Court of Marion County's September 30, 2015, order terminating his parental rights to five-year-old J.M., four-year-old V.M., and four-year-old D.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Scott A Shough, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that (1) the circuit court erred in denying his motion for a dispositional improvement period; (2) he was erroneously denied rehabilitative services by the DHHR and the circuit court; and (3) that the circuit court erred in terminating petitioner's parental rights to the children without imposing a less-restrictive dispositional alternative.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, the DHHR filed an abuse and neglect petition against petitioner and the children's mother ("parents") in which it alleged that then three-year-old twin boys, V.M. and D.M., were not properly fed and nurtured. The DHHR further alleged that it had received a referral regarding V.M.'s and D.M.'s extreme weight loss and psycho-social dwarfism (a growth disorder caused by emotional, nutritional, and other forms of neglect); the generally unsanitary

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

conditions in the home; and physical abuse in the home. According to the DHHR, a Child Protective Services ("CPS") worker substantiated the referral when she found that V.M. and D.M. were notably underweight; that a bathroom had been converted into a bedroom for V.M. and D.M., but that it was very small and had no windows or lighting; and that the children's mother admitted to feeding them less than directed by doctors because she claimed too much food would make them physically ill. The DHHR also noted in the petition that the CPS worker spoke with the children's endocrinologist who expressed his concern that V.M. and D.M. suffered from psycho-social dwarfism. The DHHR also recounted the parents' history of CPS involvement, including a referral to CPS regarding the circumstances of the death of another child in their home.[3] The parents waived their right to a preliminary hearing. In the circuit court's order accepting that waiver, it noted "[t]hat reasonable efforts are being made by the WV DHHR to achieve permanency" and "that the case is being properly managed."

In June of 2015, the parents were arrested on child abuse charges based on the same allegations detailed in the DHHR's petition. It appears that the parents remained incarcerated for the duration of the abuse and neglect proceedings below.

From June to August of 2015, the circuit court held multiple adjudicatory hearings. Following two contested adjudicatory hearings, petitioner stipulated to the allegations in the May of 2015 petition. The stipulation included an admission that petitioner failed to comply with the directives of medical personnel that could have prevented V.M.'s and D.M.'s failure to thrive. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. The circuit court noted in the resulting order that the DHHR made reasonable efforts and that the case was being managed properly.

In September of 2015, while petitioner remained incarcerated on child abuse charges, the circuit court held a dispositional hearing. At that hearing, the evidence established that medical professionals had provided the parents with specialized methods to treat the children's extreme weight loss, but the parents failed to follow through with that treatment. The CPS worker testified that the parents were incarcerated and were unable to complete court-ordered services. At the conclusion of the hearing, both the DHHR and the guardian recommended that the circuit court terminate the parents' parental rights to the children. The circuit court requested proposed findings of fact and conclusions of law from the parties prior to issuing a ruling in the matter. Thereafter, petitioner filed a motion for a dispositional improvement period. In that motion, petitioner claimed that he would comply with any terms imposed upon him in an improvement period; that the DHHR failed to show that he could not remedy the abuse and neglect; and that an improvement period was in his best interests. The circuit court ultimately denied that motion.

By order entered on September 30, 2015, the circuit court terminated petitioner's parental rights to all three children.[4] In doing so, it found that there was no reasonable likelihood that the

_____

[3]Petitioner was the parent of a fourth child, a girl, who died of a heart defect in 2014.

[4]While there were no allegations of abuse or neglect specifically related to J.M., we have explained that

2

conditions of abuse and neglect could be substantially corrected and that termination was in the children's best interests. The circuit court further found that the abuse and neglect was severe; that petitioner was prevented from completing DHHR services by his incarceration, which would continue for an uncertain amount of time; and that the parents failed to follow through with directives given to them by medical professionals while the children resided in their home. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner's first assignment of error is that he was entitled to a dispositional improvement period given the circumstances of this case. Pursuant to § 49-4-610(3),

> the court *may* grant an improvement period not to exceed six months as a disposition pursuant to section six hundred four of this article when (A) The respondent moves in writing for the improvement period, and when (B) the

---

> [w]here there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under W.Va.Code, 49-1-3(a) (1994).

Syl. Pt. 2, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period.

(Emphasis added.) We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parents/respondents to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, in his motion for a dispositional improvement period, petitioner claimed that he would comply with any terms imposed upon him. However, given the surrounding circumstances, we find that petitioner's self-serving claim alone does not constitute "clear and convincing evidence" of his likelihood to fully comply. It is clear that petitioner remained incarcerated for the majority of the proceedings below, up to and including the time of the dispositional hearing, and that he demonstrated a history of failing to follow through with the efforts of medical professionals to correct the serious conditions at issue in this case. As such, we find no merit to petitioner's first assignment of error.

Petitioner next argues that he was erroneously denied rehabilitative services by the DHHR and the circuit court. Petitioner claims that without being provided services he could not have demonstrated to the circuit court that there was a reasonable likelihood that the conditions of abuse and neglect could have been corrected in the near future, as required by West Virginia Code § 49-4-604. Having reviewed the parties' arguments and the record on appeal, we find no error in this regard. To the extent petitioner argues that he was entitled to services through an improvement period, we have already found that the circuit court committed no error in denying him an improvement period. To the extent he argues that the DHHR was required to provide him services in order to make reasonable efforts to preserve the family unit, he cites no legal authority for the proposition that reasonable efforts must include services. Moreover, "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child . . . to aggravated circumstances which include . . . chronic abuse." Id. § 49-4-604(7)(A). Petitioner herein abused and neglected his then three-year-old children by, in effect, starving them over a prolonged period, in addition to other abuse and neglect. Under the facts of this case, the circuit court was presented with sufficient evidence to have found aggravated circumstances based upon the chronic abuse of these children. Therefore, the DHHR was not required by statute to make such reasonable efforts to preserve the family unit in this matter. Consequently, we find no error in petitioner's denial of services.

Petitioner's third assignment of error is that the circuit court erroneously terminated his parental rights without employing a less-restrictive dispositional alternative. West Virginia Code § 49-4-604(6) provides that circuit courts are directed to terminate parental rights upon finding

4

that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." *In re Katie S.*, 198 W.Va. at 82, 479 S.E.2d at 592, syl. pt. 7, in part.

In the case sub judice, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected conditions of abuse or neglect in the near future. Petitioner was incarcerated during the underlying proceedings and was to remain so incarcerated even after the dispositional hearing. Further, as noted by the circuit court in its findings, petitioner received rehabilitative efforts from medical professional related to the children's severe weight loss and other conditions, yet he failed to follow through with those efforts. Consequently, under the facts presented here, we find no error in the circuit court's termination order.

For the foregoing reasons, we hereby affirm the circuit court's September 30, 2015, order.

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II